REAL ESTATE & TRUST CO. OF PHILADELPHIA AND SAMUEL M. GAYLEY, EXECUTORS, ESTATE OF GEORGE W. MILLIKEN, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 10123.  Promulgated July 29, 1927.

*Howard Burtt, Esq.*, for the petitioners.
*R. E. Copes, Esq.*, for the respondent.

The respondent has asserted a deficiency in estate tax in the amount of $94.74. The petitioner alleges that the respondent erred in reducing the amount of charitable bequests deductible under the Federal estate tax law by the collateral inheritance tax thereon paid to the Commonwealth of Pennsylvania. The proceeding was

submitted on the pleadings, with a copy of the will of the decedent, which the parties agreed should be received in evidence.

### FINDINGS OF FACT.

George W. Milliken, the decedent, died a resident of the Commonwealth of Pennsylvania on May 25, 1924. He left a will providing for the settlement and distribution of his entire estate, and such will was duly probated, and the provisions thereof put into effect.

The will of the decedent provided for many charitable bequests in the total amount of $75,000, among which were two bequests, totaling $8,000, to the Leckpatrick Episcopal Church of County Tyrone, Ireland. In a codicil of the will, the decedent said:

I do not wish any inheritance taxes paid out of my estate, except those on the bequests to Leckpatrick Episcopal Church * * *

In the inheritance-tax return rendered by the executors the total of all bequests to charity, in the amount of $75,000, was deducted from the gross estate of the decedent. Upon audit of such return, the respondent reduced said deduction to the amount of $68,300 by disallowing the Pennsylvania collateral inheritance taxes on all the charitable bequests, except that made to the Leckpatrick Episcopal Church, and determined the deficiency here in controversy.

### OPINION.

LANSDON: We are of the opinion that the issue here is conclusively determined on principle by our decision in the *Appeal of Howard K. Walter*, 2 B. T. A. 453.

> *Judgment will be entered for the petitioner on 15 days' notice, under Rule 50.*

Considered by LANSDON, STERNHAGEN, GREEN, AND ARUNDELL.